UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DOUGLAS W. HOLIEN,

                    Plaintiff,

          v.

CAROLYN W. COLVIN,

                    Defendant.

NO:  CV-13-0309-FVS

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 15 and 17. This matter was submitted for consideration without oral argument. Plaintiff was represented by Dana C. Madsen. Defendant was represented by Nicole A. Jabaily. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court grants Defendant's Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

## JURISDICTION

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 1

Plaintiff Douglas W. Holien protectively filed for disability insurance benefits and supplemental security income ("SSI") on March 15, 2010. Tr. 144-150, 151-156. Plaintiff initially alleged an onset date of November 30, 2008.[1] Tr. 151. Benefits were denied initially (Tr. 106-109) and upon reconsideration (Tr. 114-115). Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ James W. Sherry on September 23, 2011. Tr. 41-79. Plaintiff was represented by counsel and testified at the hearing. *Id.* Vocational expert Sharon N. Welter also testified. Tr. 71-78. The ALJ denied benefits (Tr. 22-40) and the Appeals Council denied review. Tr. 1. The matter is now before this court pursuant to 42 U.S.C. § 405(g).

### STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and will therefore only be summarized here.

_____

[1] At the hearing, the ALJ clarified that due to a prior unfavorable ALJ decision on January 8, 2010, the alleged onset date is revised to be January 9, 2010. Tr. 45. However, this revised onset date was not identified in the ALJ's written decision, or either parties' briefing. Notwithstanding, the court considered all the evidence of record.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

Plaintiff was 53 years old at the time of the hearing. Tr. 47. He completed eleventh grade and received his GED. Tr. 49. Plaintiff is divorced and lives alone. Tr. 48-49. Previous employment included construction, cashiering and stock work at a convenience store, and bartending. Tr. 51-54. Plaintiff alleges disability based on diagnoses of diabetes, hepatitis C, COPD, sleep problems, arthritis, back pain, depression, and anxiety. Tr. 54-64. He testified that he can only walk for 20 minutes before needing to stop and rest (Tr. 63); he cannot bend, carry, lift, or squat (Tr. 65-66); and he can only sit or stand for 20 to 30 minutes at a time (Tr. 66-67).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1153, 1158–59 (9th Cir.2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders,* 556 U.S. 396, 409–10 (2009).

## FIVE–STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 4

considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4) (i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5

preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a) (4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416 .920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6

C.F.R. §§ 404.1520(a)(4)(v); 416.920(a) (4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(g)(1); 416.920(g) (1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir.2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § § 404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 389 (9th Cir.2012).

ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since November 30, 2008, the alleged onset date. Tr. 27. At step two, the ALJ found Plaintiff has the following severe impairments: cervical, thoracic, and lumbar degenerative disc disease; chronic obstructive pulmonary disease ("COPD"); allergic rhinitis (mild intermittent asthma); obesity; history of left knee arthritis; history of hepatitis C; diabetes; cataracts (right eye worse than left); mild

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7

myopia and moderate presbyopia; substance abuse (alcohol); and adjustment

disorder with mixed anxiety and depressed mood. Tr. 27. At step three, the ALJ

found that Plaintiff does not have an impairment or combination of impairments

that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404,

Subpt. P, App'x 1. Tr. 28. The  ALJ then found that Plaintiff had the RFC

> to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). The claimant has the ability to occasionally lift and/or carry up to 20 pounds, and frequently lift and/or carry up to 10 pounds. The claimant's ability to push and/or pull is unlimited, other than as shown for lift and/or carry. The claimant also has the ability to stand and/or walk (with normal breaks) for a total of about 4 hours in an 8-hour workday, and sit (with normal breaks) for a total of about 6 hours in an 8-hour workday. The claimant further has the ability to frequently balance, but can only occasionally stoop, kneel, crouch, crawl, and climb ramps or stairs. However, the claimant should never climb ladders, ropes, or scaffolds. The claimant should also avoid concentrated exposure to poorly ventilated areas and irritants such as fumes, odors, chemicals, gases and dust. From a mental standpoint, the claimant should only have superficial contact with the general public and coworkers.

Tr. 30-31. At step four, the ALJ found Plaintiff was unable to perform any past

relevant work. Tr. 34. At step five, the ALJ found that considering the Plaintiff's

age, education, work experience, and RFC, there are jobs that exist in significant

numbers in the national economy that Plaintiff can perform. Tr. 35. The ALJ

concluded that Plaintiff has not been under a disability, as defined in the Social

Security Act, from November 30, 2008, through the date of this decision. Tr. 35.

**ISSUES**

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 8

1    The question is whether the ALJ's decision is supported by substantial

2    evidence and free of legal error. Specifically, Plaintiff asserts: (1) the ALJ

3    improperly discredited Plaintiff's "claims of his symptoms;" (2) the ALJ erred by

4    improperly rejecting the opinions of Dr. Gabriel Charbonneau and Dr. Frank

5    Rosekrans; and (3) the ALJ erred by posing an incomplete hypothetical to the VE.

6    ECF No. 15 at 8-21. Defendant argues: (1) the ALJ properly evaluated Plaintiff's

7    credibility; (2) the ALJ properly evaluated the medical evidence; and (3) Plaintiff

8    failed to show the ALJ committed harmful error when he assessed Plaintiff's RFC.

9    ECF No. 17 at 5-15.

**DISCUSSION**

**A. Credibility**

12    In social security proceedings, a claimant must prove the existence of

13    physical or mental impairment with "medical evidence consisting of signs,

14    symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927. A claimant's

15    statements about his or her symptoms alone will not suffice. *Id*. Once an

16    impairment has been proven to exist, the claimant need not offer further medical

17    evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v.*

18    *Sullivan,* 947 F.2d 341, 345 (9th Cir.1991) (en banc). As long as the impairment

19    "could reasonably be expected to produce [the] symptoms," the claimant may offer

20    a subjective evaluation as to the severity of the impairment. *Id.* This rule

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 9

recognizes that the severity of a claimant's symptoms "cannot be objectively

verified or measured." *Id.* at 347 (quotation and citation omitted).

If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ

must make a credibility determination with findings sufficiently specific to permit

[a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's

testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir.2002). In making this

determination, the ALJ may consider, *inter alia:* (1) the claimant's reputation for

truthfulness; (2) inconsistencies in the claimant's testimony or between his

testimony and his conduct; (3) the claimant's daily living activities; (4) the

claimant's work record; and (5) testimony from physicians or third parties

concerning the nature, severity, and effect of the claimant's condition. *Id.*  Absent

any evidence of malingering, the ALJ's reasons for discrediting the claimant's

testimony must be "specific, clear and convincing." *Chaudhry v. Astrue,* 688 F.3d

661, 672 (9th Cir.2012) (quotation and citation omitted). Plaintiff argues the ALJ

improperly discredited Plaintiff's claim of his symptoms. ECF No. 15 at 16-19.

Plaintiff testified that he has limitations resulting from cataracts, diabetes,

hepatitis C, COPD, arthritis, depression, anxiety, lower back pain, Tr. 49-64. He

reported symptoms including fatigue, nausea 3 to 4 times per week, diarrhea,

breathing problems, sleep problems up to 6 days a week; and Plaintiff noted that

these symptoms were possibly side effects of his medication. Tr. 55-61, 69-70.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 10

Plaintiff testified that his symptoms affect his ability to walk more than about twenty minutes without taking a break (Tr. 63); bend; squat; lift more than 10 pounds (Tr. 66); stand or sit for more than 20-30 minutes (Tr. 67); and climb stairs. Tr. 62-69.The ALJ "[did] not find all of the claimant's symptom allegations to be credible." Tr. 31. The ALJ listed multiple reasons in support of the adverse credibility finding.

First, while not identified in Plaintiff's briefing, the ALJ found the "claimant's medical records do not support the claimant's allegations that his symptoms hinder his ability to work." Tr. 32. Subjective testimony cannot be rejected solely because it is not corroborated by objective medical findings, but medical evidence is a relevant factor in determining the severity of a claimant's impairments. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Further, when evaluating credibility an ALJ may consider inconsistencies between Plaintiff's testimony and his conduct. *Thomas*, 278 F.3d at 958-59. In support of his reasoning, the ALJ cited records indicating that Plaintiff "primarily visited his doctor for routine check-ups, and at times reported no new symptoms and no exacerbation of symptoms." Tr. 32. As noted by the ALJ, Plaintiff visited his treating physician in January 2010 for a routine visit and lab work. Tr. 245. He reported "no new complaints" and the record reflects he has "cut chronic low back pain." Tr. 245. In January 2009 Plaintiff had a routine follow-up visit for existing

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

complaints that were resolved by medication or dietary changes. Tr. 262. In July

2009 Plaintiff was prescribed medication for his anxiety, and several weeks later

reported he was more "at peace," more active, and was sleeping much better. Tr.

272. In April 2010, Plaintiff reported for routine laboratory testing and stated he

"feels well except periodic nasal congestion that normally occurs this time of

year." Tr. 359. In July 2011 Plaintiff sought medication refills, but was in "no

acute distress" and his vitals were within normal limits. Tr. 362. The court does

note instances when Plaintiff reported new symptoms and increased his pain

medication. Tr. 266, 270, 273, 360. However, "where evidence is susceptible to

more than one rational interpretation, it is the [Commissioner's] conclusion that

must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also*

*Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)("[t]he ALJ is responsible

for determining credibility"). This reason was clear, convincing, and supported by

substantial evidence.

        Second, the ALJ found Plaintiff's "records indicate that he hardly sought

treatment for his symptoms, which suggests that the claimant's condition is not as

severe as alleged." Tr. 32. Unexplained, or inadequately explained, failure to seek

treatment may be the basis for an adverse credibility finding unless there is a

showing of a good reason for the failure.  *Orn v. Astrue*, 495 F.3d 625, 638 (9th

Cir. 2007).  Plaintiff argues that he regularly attended scheduled medical

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 12

1  appointments. ECF No. 15 at 17. However, as cited by the ALJ, a medical record

2  dated July 20, 2011 notes that Plaintiff had not visited his treating medical

3  providers for more than eight months, and lab work had not been done in over

4  twelve months. Tr. 362. During this gap in treatment, the record includes only a

5  July 12, 2011 evaluation by psychologist Frank M. Rosekrans (Tr. 329), and

6  treatment at Spokane Eye Clinic for cataracts (Tr. 345-357). Moreover, a

7  comprehensive review of Plaintiff's medical records confirm they are relatively

8  sparse and consist largely of unexplained laboratory results, medication

9  management, and communication with Plaintiff regarding the results of his lab

10  work. Tr. 234-244, 246-261, 277-283, 364-376.

11  　　　As noted by Plaintiff, an ALJ "must not draw any inferences about an

12  individual's symptoms and their functional effects from a failure to seek or pursue

13  regular medical treatment without first considering any explanations that the

14  individual may provide, or other information in the case record, that may explain

15  infrequent or irregular medical visits or failure to seek medical treatment." Social

16  Security Ruling ("SSR") 96-7p at *7 (July 2, 1996), *available at* 1996 WL 374186.

17  Plaintiff argues that the ALJ "did not make any such considerations before making

18  the inference." ECF No. 18 at 4. However, Plaintiff's testimony and briefing offers

19  no explanation for his infrequent medical visits; nor is there any information in the

20  record explaining Plaintiff's failure to seek treatment, particularly during the eight

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 13

month gap in treatment from a treating medical source. Thus, this reason was clear, convincing, and supported by substantial evidence.

Last, the ALJ reasoned that Plaintiff's activities of daily living were inconsistent with a finding of total disability. Tr. 32. Evidence about daily activities is properly considered in making a credibility determination. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). It is well-settled that a claimant need not be utterly incapacitated in order to be eligible for benefits. *Id.*; *see also Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) ("the mere fact that a plaintiff has carried on certain activities…does not in any way detract from her credibility as to her overall disability."). However, there are two grounds for using daily activities to form the basis of an adverse credibility determination. *See Orn*, 495 F.3d at 639. First, the daily activities may contradict claimant's other testimony. *Id.*; *Molina*, 674 F.3d at 1113 ("Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."). Second, daily activities may be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of his or her day engaged in pursuits involving the performance of physical functions that are transferable to a work setting. *Orn*, 495 F.3d at 639.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 14

Here, the ALJ concluded Plaintiff's "reported activities are also inconsistent with his allegations, which further diminishes [Plaintiff's] credibility." Tr. 32.  In support of this finding, the ALJ noted that Plaintiff testified that he didn't "leave the house much anymore," and is "basically a prisoner in [his] apartment." Tr. 69. However, the record shows he reported going outside 3 to 5 times per week, went for walks to the park on "good" days, and rode public transportation. Tr. 31, 207, 270, 327. In July 2011 he described a "typical day" as "park, reading, watching TV." Tr. 330. Plaintiff also reported that he does shopping and prepares his own meals on a daily basis, washes dishes on a daily basis, manages his own finances, and "raises vegetables" in a garden at his sister's house. Tr. 166-169, 204-208, 325. It is noted that Plaintiff's reports of these activities are moderated by needing help to shop and carry groceries. Tr. 66, 208. Plaintiff is also correct that the ALJ improperly relied on reports of hunting and fishing in 2009, because Plaintiff has consistently reported subsequent to that time that he no longer hunts and fishes due to his limitations. ECF No. 18 at 3 (citing Tr. 171, 205, 209, 268). However, while evidence of Plaintiff's daily activities may be interpreted more favorably to the Plaintiff, "where evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld." *Burch*, 400 F.3d at 679. Moreover, even if the ALJ erred in his reasoning as to Plaintiff's daily activities, any error is harmless because, as discussed above, the remaining reasoning and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

1  ultimate credibility finding is adequately supported by substantial evidence. *See*

2  *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

3       For all of these reasons, and having thoroughly reviewed the record, the

4  court concludes that the ALJ supported his adverse credibility finding with

5  specific, clear and convincing reasons supported by substantial evidence.

6  **B. Medical Opinions**

7       There are three types of physicians: "(1) those who treat the claimant

8  (treating physicians); (2) those who examine but do not treat the claimant

9  (examining physicians); and (3) those who neither examine nor treat the claimant

10 [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

11 *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir.2001)(citations omitted).

12 Generally, a treating physician's opinion carries more weight than an examining

13 physician's, and an examining physician's opinion carries more weight than a

14 reviewing physician's. *Id.*  If a treating or examining physician's opinion is

15 uncontradicted, the ALJ may reject it only by offering "clear and convincing

16 reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d

17 1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's

18 opinion is contradicted by another doctor's opinion, an ALJ may only reject it by

19 providing specific and legitimate reasons that are supported by substantial

20 evidence." *Id.* (citing *Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir.1995)).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 16

Plaintiff argues the ALJ improperly considered and rejected the opinions of

Gabriel Charbonneau, M.D. and Frank Rosekrans, Ph.D. ECF No. 15 at 8-16.

### 1. Dr. Gabriel Charbonneau

In June 2010, Plaintiff's treating physician Dr. Charbonneau completed a

DSHS physical evaluation of Plaintiff. He opined that Plaintiff's overall work level

was "severely limited" which "means unable to lift at least 2 pounds or unable to

stand and/or walk." Tr. 312. Specifically, Dr. Charbonneau assessed Plaintiff's

degenerative disc disease of the lumbar spine as markedly limiting his ability to sit,

stand, walk, lift, handle, and carry; and his COPD as moderately limiting his ability

to sit, stand, walk, lift, handle, and carry. Tr. 312. He noted Plaintiff would have

restricted mobility, agility or flexibility in his ability to bend, climb, crouch, kneel,

and stoop. Tr. 312.

The ALJ identified Dr. Charbonneau as Plaintiff's treating physician but

gave his opinion "little weight." Tr. 32-33. Plaintiff initially argues that the ALJ

improperly rejected the opinion of Dr. Charbonneau by "[choosing] to rely on the

opinion of a reviewing consultant, Norman Staley, M.D., who did not examine

[Plaintiff]." ECF No. 15 at 10. The ALJ gave significant weight to Dr. Staley's

opinion that Plaintiff would be capable of light work because his opinion was

based on a thorough review of the record and consistent with Plaintiff's reported

activities. Tr. 32. Plaintiff is correct that "[t]he opinion of a nonexamining

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 17

1   physician cannot *by itself* constitute substantial evidence that justifies the rejection

2   of the opinion of either an examining or a treating physician." *Lester v. Chater*, 81

3   F.3d 821, 831 (9th Cir. 1995)(emphasis added). However, where, as here, the

4   treating physician's opinion is contradicted by medical evidence, the opinion may

5   still be rejected if the ALJ provides specific and legitimate reasons supported by

6   substantial evidence in the record. *See Andrews v. Shalala,* 53 F.3d 1035, 1041

7   (9th Cir.1995). The ALJ offered several additional reasons for rejecting Dr.

8   Charbonneau's opinion.

9        First, the ALJ found Dr. Charbonneau's opinion was inconsistent with his

10   medical records. Tr. 33. Consistency with the medical record as a whole, and

11   between a treating physician's opinion and his or her own treatment notes, are

12   relevant factors when evaluating a treating physician's medical opinion.  *See*

13   *Bayliss*, 427 F.3d at 1216 (discrepancy between treating physician's opinion and

14   clinical notes justified rejection of opinion); *Tonapetyan v. Halter*, 242 F.3d 1144,

15   1149 (9th Cir. 2001) (ALJ may reject treating physician's opinion that is

16   unsupported by record as a whole, or by objective medical findings). Moreover,

17   "an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory,

18   and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957.

19        Here, the ALJ found Dr. Charbonneau's opinion that Plaintiff is "severely

20   limited" was inconsistent with his own records indicating "that the claimant

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 18

1   primarily presented at his office for either a check-up or anxiety due to multiple

2   stressors." Tr. 33. In support of this reason, the ALJ cited a notation by Dr.

3   Charbonneau that Plaintiff has "chronic low back pain" but "does well with 28 of

4   the pain medications per month of hydrocodone 10 strength." Tr. 33 (citing Tr.

5   266). Plaintiff argues this notation was only in reference to the "number and

6   dosage of the pain pills prescribed" and thus Plaintiff's "pain was managed to the

7   extent he was not totally incapacitated by pain." ECF No. 15 at 11. However, while

8   the court notes that Plaintiff regularly complained of "chronic low back pain" (Tr.

9   262, 266, 273, 360), Plaintiff does not cite to any evidence in the record, aside

10  from Dr. Charbonneau's opinion, to support his argument that the pain was

11  incapacitating or untreated with medication.

12          Moreover, Plaintiff's in-person visits with Dr. Charbonneau were often

13  designated as "routine" and, notably, on those visits Plaintiff regularly reported "no

14  new complaints" or improvement in his symptoms. In January 2009 Plaintiff had a

15  routine follow-up visit for existing complaints that were largely controlled by

16  medication or dietary changes. Tr. 262. In March 2009 Plaintiff reported for

17  "followup of his lab work" and "was not complaining of any pain in his abdomen."

18  Tr. 264. In January 2010 Plaintiff had a "routine followup visit" with Dr.

19  Charbonneau and reported "no new complaints." Tr. 245.  In April 2010, Plaintiff

20  reported for routine laboratory testing and stated he "feels well except periodic

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 19

1    nasal congestion that normally occurs this time of year." Tr. 359. In July 2011

2    Plaintiff sought medication refills, but was in "no acute distress" and his vitals

3    were within normal limits. Tr. 362. Thus, substantial evidence supports the ALJ's

4    reasoning that Dr. Charbonneau's own treating notes were inconsistent with his

5    opinion that Plaintiff was "severely limited."

6        Second, the ALJ gave Dr. Charbonneau's opinion little weight because "his

7    opinion is inconsistent with the claimant's reported activities, which include

8    hunting, fishing, managing his own finances, going shopping, riding public

9    transportation, and reading." Tr. 33. The ALJ specifically noted that Dr.

10   Charbonneau's notes indicated Plaintiff reported "that he engaged in multiple

11   outdoor activities such as hunting and fishing." Tr. 33. An ALJ may reject a

12   medical opinion when it is contradicted by Plaintiff's daily activities. *See Rollins*,

13   261 F.3d at 856 (treating physician's opinion discounted because opinion was

14   inconsistent with Plaintiff's level of activity). Plaintiff argues that he can no longer

15   hunt or fish; and as to the other referenced activities "[i]t is unclear how these

16   mostly passive activities are inconsistent with Dr. Charbonneau's opinion." ECF

17   No. 15 at 12. As the court noted above, Plaintiff has consistently reported on his

18   function reports that he no longer hunts or fishes. *See* Tr. 171, 205, 209. However,

19   records of Plaintiff's visits with Dr. Charbonneau do not reflect this information.

20   Rather, he reported in June 2009 that "[f]ishing really relaxes him," and in June

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 20

2009 that being outside decreases stress but "he is not able to do that all the time." Tr. 266, 268. Thus, it was reasonable for the ALJ to find that Plaintiff's reports of his daily activities *in Dr. Charbonneau's records* were inconsistent with his finding that Plaintiff was "severely limited." In addition, the ALJ found that Plaintiff's reports of going shopping and riding public transportation were inconsistent with Dr. Charbonneau's finding that Plaintiff was "unable to lift at least 2 pounds or unable to stand and/or walk." Tr. 166-169, 204-208, 312, 325. Even considering that these activities are moderated by assistance from Plaintiff's sister in shopping and carrying groceries, this inconsistency is a specific and legitimate reason to reject Dr. Charbonneau's opinion. As a final matter, any error in this reasoning is harmless because, as discussed above, the remaining reasoning is adequately supported by substantial evidence. *See Carmickle*, 533 F.3d at 1162-63.

**2. Frank Rosekrans, Ph.D.**

Dr. Rosekrans examined Plaintiff, and completed DSHS psychological evaluations, in 2008, 2009, and 2011. In 2008, Dr. Rosekrans opined that Plaintiff had no cognitive functional limitations; but he was markedly limited in his ability to relate appropriately to co-workers and supervisors, and respond appropriately to and tolerate the pressures and expectations of a normal work setting. Tr. 319. He stated that Plaintiff's "problems are a reaction to physical deterioration." Tr. 320.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 21

1    In 2009 he similarly opined that Plaintiff had no cognitive limitations; and the

2    same marked limitations as in 2008 with the addition of a marked limitation in his

3    ability to maintain appropriate behavior in a work setting. Tr. 325. Dr. Rosekrans

4    again opined that Plaintiff's "problems are largely a result of physical disability."

5    Tr. 325. In 2009 and 2011 Plaintiff reported to Dr. Rosekrans that he took

6    medication for his depression and anxiety, and reported it "helps." Tr. 323, 329. In

7    2011 Dr. Rosekrans found that Plaintiff was markedly limited in his ability to

8    perform routine tasks without undue supervision; be aware of normal hazards and

9    take appropriate precautions; communicate and perform effectively in a work

10   setting with both "public contacts" and "limited public contacts;" and maintain

11   appropriate behavior in a work setting. Tr. 331. As in his previous evaluations, Dr.

12   Rosekrans opined that Plaintiff's "major problem is that he can no longer work due

13   to physical problems." Tr. 332.

14         The ALJ accorded Dr. Rosekrans' opinion "little weight." Tr. 33. Plaintiff

15   initially argues that the ALJ improperly rejected the opinion of Dr. Rosekrans and

16   instead "chose to rely on the opinion of a reviewing consultant, Thomas Clifford,

17   Ph.D., who did not examine [Plaintiff], but rather examined [Plaintiff's] records."

18   ECF No. 15 at 13. The ALJ did give significant weight to Dr. Clifford's opinion

19   because it was based on a thorough review of the record and was consistent with

20   Plaintiff's reported activities. Tr. 33. Plaintiff is correct that "[t]he opinion of a

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 22

nonexamining physician cannot *by itself* constitute substantial evidence that

justifies the rejection of the opinion of either an examining or a treating physician."

*Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995)(emphasis added). However,

where, as here, the treating physician's opinion is contradicted by medical

evidence, the opinion may still be rejected if the ALJ provides specific and

legitimate reasons supported by substantial evidence in the record. *See Andrews v.*

*Shalala,* 53 F.3d 1035, 1041 (9th Cir.1995). While not acknowledged by Plaintiff,

the ALJ also gave "significant weight" to the opinion of Patricia Kraft, Ph.D., a

reviewing psychologist who affirmed Dr. Clifford's opinion. Tr. 314. In addition,

the ALJ offered several specific and legitimate reasons for rejecting Dr.

Rosekrans' opinion.

First, the ALJ assigned Dr. Rosekrans' opinion little weight because he

"primarily bases his opinion upon the claimant's subjective reports." Tr. 33. "An

ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a

claimant's self-reports that have been properly discounted as incredible."

*Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). In support of this

reasoning the ALJ cited Dr. Rosekrans' remark that Plaintiff self-reported "his

primary disability is pain." Tr. 33, 327.  Plaintiff argues that Dr. Rosekrans did "set

forth objective findings." ECF No. 15 at 14. Additionally, Plaintiff contends that

the evaluation forms call for assessments based on test results *and* personal

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 23

observations during the interview. Plaintiff is correct that in 2008 Dr. Rosekrans noted that he personally observed Plaintiff's depressed mood and deemed it to be moderate in severity (Tr. 318); in 2009 Dr. Rosekrans noted that Plaintiff "reports that pain prevents work; he is irritable, short tempered" (Tr. 325); and in 2010 Dr. Rosekrans observed that Plaintiff had anxiety (Tr. 330). However, the court agrees with Defendant that these statements by Dr. Rosekrans are "still predicated on Plaintiff's own description of how his anxiety affected his interactions. At most, it shows that Dr. Rosekrans believed Plaintiff suffered from anxiety." ECF No. 17 at 13. Notably, Plaintiff does not mention the only objective testing in the record performed by Dr. Rosekrans in 2011, a mental status exam which, as per the medical source statement, yielded mostly appropriate answers and behavior from Plaintiff. Tr. 331. Moreover, an independent review of Dr. Rosekrans' evaluations confirms that they were largely based on Plaintiff's self-reporting of symptoms (Tr. 322, 324-327, 329, 331) which, as discussed above, the ALJ properly discounted as not credible. This was a specific and legitimate reason for the ALJ to reject Dr. Rosekrans' opinion.

Second, as noted by the ALJ, "Dr. Rosekrans concluded that the claimant was able to relate appropriately to Dr. Rosekrans, and that the claimant was able to maintain eye contact and carry on a conversation." Tr. 33 (citing 331). The ALJ found this "conclusion is inconsistent with his opinion that the claimant would be

unable to maintain appropriate behavior in a work setting, and with other social

limitations and [sic] Dr. Rosekrans noted." Tr. 33-34. Inconsistency between a

physician's opinion and his treatment notes is a relevant factor when evaluating a

medical opinion. *See Bayliss*, 427 F.3d at 1216. Plaintiff argues that "the

environment, brevity and purposes of an encounter for psychological evaluation

does not equate to the rigors and demands of a workplace." ECF No. 15 at 15.

However, the RFC assessed by the ALJ limited Plaintiff to only "superficial

contact with the general public and coworkers." Tr. 31. As argued by the

Defendant, "Plaintiff fails to show how superficial contact is any more rigorous

than the 'brevity' of a psychological examination." ECF No. 17 at 14. Moreover,

the court's review of the record reveals further inconsistencies between Dr.

Rosekrans' notes and his opinion. Dr. Rosekrans found that Plaintiff "cannot

perform effectively because of pain," but during the evaluation he observed that

Plaintiff was "able to maintain concentration, [and] to sit without visible pain." Tr.

331. Also, Plaintiff's PAI clinical profile did reflect "sources of difficulty" for the

Plaintiff, but according to his self-report, Plaintiff described no significant

problems with "antisocial behavior," "marked anxiety," or "problematic behaviors

used to manage anxiety." Tr. 336. This evidence could be susceptible to more than

one rational interpretation, and therefore the ALJ's conclusion must be upheld. *See*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 25

*Burch*, 400 F.3d at 679. This was a specific and legitimate reason to reject Dr. Rosekrans' opinion.

**C. Step Five - Hypothetical**

The ALJ may meet his burden of showing the claimant can engage in other substantial activity at step five by propounding a hypothetical to a vocational expert "that is based on medical assumptions supported by substantial evidence in the record that reflects all the claimant's limitations. The hypothetical should be 'accurate, detailed, and supported by the medical record.'" *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). However, "[i]f an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009)(citation and quotation marks omitted).

Here, the ALJ assessed an RFC including the limitation that Plaintiff "should never climb ladders, ropes, or scaffolds." Tr. 31. As correctly noted by Plaintiff, the ALJ failed to include this limitation in one of the hypotheticals propounded to the VE. Tr. 72-73. The VE then testified that three jobs existed in significant numbers in the national economy that the Plaintiff could perform considering his age, education, work experience, and RFC. Tr. 35, 74-75. The jobs were cashier II, mail clerk, and office helper. *Id*. Based on this testimony, the ALJ

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 26

found that Plaintiff was "not disabled" at step five. Tr. 35. Plaintiff argues that

because "the ALJ's conclusion relied on a VE opinion that lacked evidentiary

value, the ALJ's finding of no disability at step five of the sequential analysis was

not supported by substantial evidence." ECF No. 15 at 21. The court agrees that the

ALJ erred in failing to include this limitation in the hypothetical. However, as

correctly noted by Defendant, none of the three jobs identified by the VE require

any climbing. *See* DICOT 211.462-010, *available at* 1991 WL 671840 (cashier II);

DICOT 239.567-010, *available at* 1991 WL 672232 (office helper); DICOT

209.687-026, *available at* 1991 WL 671813 (mail clerk). Thus, the ALJ's failure to

consider this limitation was harmless error because it does "not negate the validity

of the ALJ's ultimate conclusion." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d

1190, 1197 (9th Cir. 2004); *Molina*, 674 F.3d at 1115 (error is harmless "where it

is inconsequential to the [ALJ's] ultimate nondisability determination"); *see also*

*Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)(erroneous

omission of "occasional balancing, stooping, and climbing of ramps and stairs"

from the RFC was harmless because sedentary work, as assessed by the ALJ,

required "infrequent stooping, balancing crouching, or climbing").

## CONCLUSION

After review the court finds the ALJ's decision is supported by substantial

evidence and free of harmful legal error.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 27

1    **ACCORDINGLY, IT IS HEREBY ORDERED:**

2        1.  Plaintiff's Motion for Summary Judgment, ECF No. 15, is **DENIED**.

3        2.  Defendant's Motion for Summary Judgment, ECF No. 17, is

4            **GRANTED**.

5        The District Court Executive is hereby directed to enter this Order and

6    provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE**

7    the file.

8        **DATED** this  16th day of  September, 2014.

9                          _____ s /Fred Van Sickle_____
                                  Fred Van Sickle
10                         Senior United States District Judge

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 28